IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ] ] ] |
| Plaintiff, | ] Civil Action No. CV-02-J-0228-J ] |
| vs. | ] ] **CONSENT DECREE** |
| RIDGEVIEW HEALTH CARE CENTER INC. | ] ] ] |
| Defendant. | ] ] |

**ENTERED**
SEP 2 0 2002

## I. GENERAL PROVISIONS

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. (Title VII) guarantees protected workers that they will be free from employment discrimination on the basis of race, color, religion, sex, or national origin. Lynn B. Hicks filed a charge of discrimination alleging that Ridgeview Health Care Center Inc. discriminated against him in violation of Title VII because of his sex (male).

On January 29, 2002 the EEOC filed suit in this Court against Ridgeview Health Care Center Inc. The EEOC alleges that Ridgeview Health Care Center Inc. discriminated against Lynn B. Hicks by refusing to hire Lynn B. Hicks in violation of Title VII because of his sex (male). Ridgeview Health Care Center Inc. expressly denies all claims and allegations asserted in the Complaint.

The EEOC and Ridgeview Health Care Center Inc., being aware of the risks, uncertainties and costs of continued litigation, are now desirous of resolving, through this Consent Decree, the claims asserted in the above styled lawsuit.

11

This Court being fully advised of the premises of this case doth hereby Order, Adjudge and Decree as follows:

## II. SPECIFIC PROVISIONS

A.   This Court has full jurisdiction to decide this controversy as to the EEOC and Ridgeview Health Care Center Inc. This Court expressly retains jurisdiction for the next 12 months for the purpose of ensuring compliance with this Decree and entry of such further orders as may be necessary to effectuate the purposes of this Decree. At the end of the 12 month period this consent decree will expire without any further action by the parties or the Court. It is expressly agreed by the parties that the Court shall retain jurisdiction to enforce this Consent Decree.

B.   Nothing herein shall be deemed to be an admission by Ridgeview Health Care Center Inc. that it has at any time, place or in any manner whatsoever, violated either Title VII or any other statute, rule of law or legally binding regulation concerning Lynn B. Hicks or any other person who has been employed by Ridgeview Health Care Center Inc.

C.   This Decree, being entered with the consent of the EEOC and Ridgeview Health Care Center Inc., shall not constitute an adjudication or finding on the merits of the case nor shall it be used as evidence of a violation of Title VII or other law in any subsequent action by EEOC against Ridgeview Health Care Center Inc., except the EEOC shall not be prohibited by this provision from proceeding against Ridgeview Health Care Center Inc. for noncompliance with any provision of this Decree.

D.   This Decree shall resolve all claims raised in the Complaint including the matters alleged in the Charge of Discrimination numbered 130-A0-1033.

E.   Ridgeview Health Care Center Inc. agrees to pay a total of Eighteen Thousand and 00/100 dollars ($18,000.00) to Lynn B. Hicks in full settlement of the claims which are the subject

2

of this lawsuit, inclusive of all fees and costs. In exchange for that payment, Lynn B. Hicks will execute and deliver to Ridgeview Health Care Center Inc. a release in form and substance as set out in Exhibit "A" hereto.

F.  Ridgeview Health Care Center Inc. agrees that it will not retaliate against Lynn B. Hicks, or any of its former or present employees because such person has filed a Charge of Discrimination, testified, assisted or participated in any manner in the investigations, proceedings or hearings in this lawsuit.

G.  Ridgeview Health Care Center Inc. agrees to post an Equal Employment Opportunity poster at its Jasper, Alabama facility where it is visible to all employees and potential employees in locations where employee and applicant notices are routinely posted. If no such locations exist, Ridgeview Health Care Center Inc. shall install bulletin boards in locations where employees and applicants are likely to see them.

H.  Ridgeview Health Care Center Inc. agrees to comply with all requirements of Title VII of the Civil Rights Act of 1964, as amended, and immediately post the notice to employees attached as Exhibit "B" at its Jasper, Alabama facility where it is visible to all employees. It is contemplated that one notice will be placed in the main office location and a second notice will be placed in the Department of Human Resources which is located in a different building.

I.  Within thirty (30) days of the date this Decree is entered Ridgeview Health Care Center Inc. shall provide documentation of its compliance with provision E. Said documentation will be mailed to J.Mark Graham, Senior Trial Attorney, EEOC, Birmingham District Office, Ridge Park Place, Suite 2000, 1130 22nd Street South, Birmingham, AL 35205.

J.  Within ninety (90) days of the entry of this Decree, the EEOC will provide training for the supervisors of Ridgeview Health Care Center Inc. at its Jasper, Alabama facility on Title VII.

This training shall include at least one module addressing discrimination based on sex in the workplace and the employer's obligations in addressing such discrimination. Ridgeview Health Care Center Inc. will make its supervisors available for training at its Jasper Alabama facility or some other convenient location on a date and time mutually agreed by the parties within the time limit set by this Decree. Ridgeview Health Care Center Inc. will pay the EEOC for the training in accordance with the Commission's fee based training program.

K.  Every six (6) months for the term of this Consent Decree Ridgeview Health Care Center Inc. shall submit a report containing the following information pertaining to its Jasper, Alabama facility:

(1)  Any and all training provided during the previous 6 month period, which training concerns compliance with Title VII; the names of employees attending said training; the length of the training; the name and address of the individual(s) conducting the training; documentation of the trainers qualifications; and a copy of materials presented during the training.

(2)  Copies of all complaints of discrimination based on sex, if any, received since the last report and all steps taken to address these complaints including the results of any investigation.

(3)  Copies of all legal documents alleging sex discrimination, if any, served upon Ridgeview Health Care Center Inc.

L.  Upon receipt of the reports required by sections I, K and L of this Decree, the EEOC shall have sixty (60) days in which to analyze and, if necessary, investigate information contained in said reports. Ridgeview Health Care Center Inc. shall cooperate with the EEOC during this 60-day period regarding questions that may arise about the administration of this Decree's aforementioned provisions. If, before the expiration of the 60-day analysis period, the EEOC has any concerns about Ridgeview Health Care Center Inc.'s compliance with this Decree, the EEOC shall notify Ridgeview

4

Health Care Center Inc. in writing and specify the nature of its concerns. The parties thereafter shall have a period of thirty (30) days to attempt to resolve any disputes concerning compliance.

M.    All reports called for by this Decree shall be sent in care of J. Mark Graham, Senior Trial Attorney, EEOC, Birmingham District Office, Ridge Park Place, Suite 2000, 1130 22nd Street South, Birmingham, AL 35205. The EEOC will notify Ridgeview Health Care Center Inc. in writing if another individual is designated to receive these reports.

N.    Ridgeview Health Care Center Inc. has developed an anti-discrimination policy and complaint procedure. A copy of that policy and procedure will be posted in the same locations as the notices referred to in paragraph H above. Additionally, a copy of the policy and procedure will be made available to all employees in the company's office.

O.    The EEOC is not seeking attorney's fees or costs against Ridgeview Health Care Center Inc. Ridgeview Health Care Center Inc. will not seek attorney fees or costs against the EEOC.

ORDERED and ADJUDGED this _19_ day of _September_, 2002.

_____
UNITED STATES DISTRICT JUDGE

Respectfully submitted,

NICHOLAS INZEO
Acting Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 "L" Street, Northwest
Washington, DC 20507

CHARLES E. GUERRIER (OH 0023546)
Regional Attorney

MILDRED BYRD (LA 03741)
Supervisory Trial Attorney

J. MARK GRAHAM (LA 06216)
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL  35205
Telephone:  (205) 731-1172

6

RIDGEVIEW HEALTH CARE CENTER, INC.

By: _____
        Joe W Kelley Jr
        (Print Name)

Its: _____

Approved:

_____
JAMES A. PATTON, JR., ESQ.
BEVERLY P. BAKER, ESQ.
HASKELL SLAUGHTER YOUNG
   & REDIKER, L.L.C.
1200 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203-2618

Attorneys for Defendant
Ridgeview Health Care Center Inc.

Exhibit "A"

RELEASE OF LYNN B. HICKS

For and in consideration of the sum of Eighteen Thousand Dollars ($18,000.00) cash in hand, this day paid to Lynn B. Hicks and other covenants contained in the Consent Decree to which this Release is attached as Exhibit "A" and other good and valuable considerations, the receipt and sufficiency of all of which are hereby acknowledged, I, the undersigned Lynn B. Hicks, for myself, my heirs, administrators, executors and assigns have released and discharged and by these presents do hereby release and discharge Ridgeview Health Care Center Inc. an Alabama corporation, its directors, shareholders, officers, agents, employees and insurers, and each of them, from any and all claims, demands, actions, causes of action, matters, issues, allegations, damages, losses, and expenses which circumstances and incidents more particularized were asserted by me and/or the Equal Employment Opportunity Commission (EEOC) in Civil Action Number CV-02-J-0228-J filed by the EEOC against Ridgeview Health Care Center Inc. in the United States District Court for the Northern District of Alabama Jasper Division; and all claims for fees and costs associated with said Civil Action.

In executing and delivering this Release, I am relying wholly upon my own judgment, knowledge and belief as to the nature, extent and duration of the damages which I may have suffered or sustained or which I may sustain in the future as a result of the transaction, occurrence or event. I further represent and warrant that I have not been influenced by any representations, statements or warranties made by Ridgeview Health Care Center Inc. or by any of its directors, officers or agents, or any other person representing them concerning the nature or extent of the damages or losses or legal liability therefor.

It is further understood and agreed that this Release is executed and delivered and the sum of money herein above specified is paid in compromise and settlement of a doubtful and disputed claim and that the payment of said money is not to be construed as an admission of liability on the part of Ridgeview Health Care Center Inc., and that Ridgeview Health Care Center Inc. specifically denies any such liability therefor.

It is further understood and agreed that the claim of the undersigned against the parties herein above named in that certain pending lawsuit being Civil Action Number CV-02-J-0228-J filed by the EEOC against Ridgeview Health Care Center Inc. in the United States District Court for the Northern District of Alabama Jasper Division, being styled Equal Employment Opportunity Commission versus Ridgeview Health Care Center Inc. is to be resolved with prejudice through the entry of a Consent Decree. I understand that no provisions or promises outside of this Release and the Consent Decree signed by the parties settling the above styled charge and lawsuit will be binding.

I have affixed my signature hereto on this the _____ day of _____, 2002.

_____
Lynn B. Hicks

STATE OF _____

COUNTY OF _____

      Personally came and appeared before me, the undersigned authority in and for the aforesaid county and state, the within named Lynn B. Hicks, who acknowledged to me that he signed, executed and delivered the above and foregoing Release on the day and year therein mentioned and for the purposes therein stated, after having first duly read and completely understood the same or having had it explained to him.

      Given under my hand and seal of office, on this the _____ day of _____, 2002.


                                                                              _____

                                                                                  Notary Public

My Commission Expires:

_____

Exhibit "B"

NOTICE TO EMPLOYEES

Federal law requires that there be no discrimination against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin or age (40 and over) with respect to hiring, promotion, firing, compensation or other terms, conditions or privileges of employment.

Ridgeview Health Care Center Inc. supports and will comply with such Federal Law in all respects and will not take any action against employees because they have exercised their rights under the law.

Ridgeview Health Care Center Inc. has developed an anti-discrimination policy and complaint procedure. A copy of that policy and procedure is available to all employees in the company's office.

_____
Ridgeview Health Care Center Inc.
By its authorized agent


354945 1